UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEXTER C. RHINES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-262 |
| | § | |
| SALINAS CONSTRUCTION | § | |
| TECHNOLOGIES, LTD., | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING RULE 12(b)(4) AND 12(b)(5) MOTION TO DISMISS

Defendant Salinas Construction Technologies, Ltd. ("Salinas") has filed its "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)" (D.E. 9) complaining that, while Defendant has actually received summons and the complaint for this case twice, Plaintiff has failed to properly effectuate service in order to confer on this Court personal jurisdiction over Salinas.

In particular, with respect to service that was accomplished on September 19, 2011,[1] Salinas complains that: (1) service was effectuated by Joe R. Perez, Perez Service Company, which is not an "authorized person" to serve summons because he is not the clerk of the court; and (2) the proof of service does not reflect who was served or the date of service. A review of the proof of service shows that service was on "Salinas Construction Technologies, Ltd.; Registered Agent Daniel Salinas" on "9/19/11." Defendant admits that it received summons on this date. Thus the complaint regarding

---

[1] While Defendant also complains about service by regular mail on September 7, 2011, the Court assumes without deciding for purposes of argument that this first attempt at service, which utilized more informal means, was deficient. Thus the Court focuses on the second attempt.

the alleged lack of content in the proof of service is overruled.

Defendant's remaining complaint requires a determination of whether the only "authorized person" who can effectuate service on a partnership by mail is the clerk of the court. It is clear that, under Federal law, "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c). This includes Joe R. Perez and Perez Service Company. However, Defendant suggests that this Federal provision does not apply because Texas law governs service on a partnership such as this Defendant. Fed. R. Civ. P. 4(h) (referencing Rule 4(e)(1), which provides for "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . .").

Defendant Salinas asserts that, under Texas law, only the clerk of the court is permitted to serve a summons and complaint by certified mail. For this argument, Salinas cites Tex. R. Civ. P. 103 and 106(a), along with *Jernigan v. Jernigan*, 2010 WL 3768076 (S.D. Tex. 2010). This Court disagrees with Salinas' interpretation of Texas law and the *Jernigan* opinion.

Judge Rosenthal, in *Jernigan*, very simply held that under Texas law, the Plaintiff, *personally*, was not authorized to effectuate service—the same rule as applies under Federal Rule of Civil Procedure 4(c)(2), which prohibits a *party* from serving a summons and complaint. Nothing in that holding restricts a private process server from serving a summons and complaint by certified mail.

Tex. R. Civ. P. 106(a) prescribes the method of service to include certified mail, return receipt requested, by those authorized to effectuate service under Tex. R. Civ. P.

2 / 6

103. Rule 103 permits service by "any person authorized by law" and "any person certified under order of the Supreme Court." Under 28 U.S.C. § 2072(a), the Supreme Court of the United States is empowered to promulgate rules of procedure to govern legal proceedings in the Federal courts. Federal Rule of Civil Procedure 4(c)(2), being such a rule, thus constitutes the designation of a person over the age of 18 who is not a party as a "person authorized by law" to effectuate service. Thus the process server in this case would be properly authorized under Texas Rule of Civil Procedure 103(1) and 103(2) to effectuate service by certified mail as permitted by Texas Rule 106.

Additionally, the Court takes judicial notice of the website[2] of the Supreme Court of Texas, which lists those who have been certified to serve process as permitted by Rule 103(3). That website lists Joe R. Perez, Perez Service Company ("Perez") as a certified process server.[3] Thus Perez's service of summons and complaint by certified mail, return receipt requested, complies with Texas law and Federal law and confers on this Court personal jurisdiction over Defendant Salinas.

Defendant Salinas, however, argues that the provisions and structure of Tex. R. Civ. P. 103 must be read as restricting the power to effectuate service by certified mail to the clerk of the court. Construction of a Texas rule of procedure starts with the express language of the rule or statute. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009); *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007). The Court applies the plain or literal meaning of the text unless a different

---

[2] Government websites are presumptively reliable and subject to judicial notice. *E.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

[3] See http://www.courts.state.tx.us/psrb/docs/Statewide_Authorized_Servers.htm.

meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010); *In re Christus Spohn Hosp. Kelberg*, 222 S.W.3d at 437.

The plain language of Texas Rule of Civil Procedure 103 does not say that other authorized persons cannot effectuate service by certified mail. Instead, it provides for the clerk to be an additional "authorized person" to effectuate a party's service only if the method of service is by certified mail, registered mail, or by publication. In other words, it does not authorize parties to send the clerk to hunt down those evading service in order to obtain personal service upon them. The rule states:

> Process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court. Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending. But no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . .

Tex. R. Civ. P. 103. The first sentence does not restrict the method of service that the three categories of authorized persons may use. The method of service is supplied by Tex. R. Civ. P. 106. Rule 106's reference to Rule 103 is only for the purpose of determining who is "authorized." Furthermore, Rule 103 is rather expansive in permitting the three itemized categories of authorized persons to effectuate service "anywhere."

The second sentence, "Service by registered or certified mail and citation by

publication must, if requested, be made by the clerk of the court in which the case is pending" does not *ipso facto* eliminate the three preceding options.  Rather, it gives a party a fourth option—the right to call upon the clerk to effectuate service, but only if the request is to serve by certified mail, registered mail, or by publication.  In the event of such a request, the clerk is required by this rule to comply with the request.

If the second sentence were intended to modify the first sentence rather than add a new option, one would expect it to be prefaced by language indicating that the following language was to be applied as an exception to the preceding language.  Furthermore, there is no public interest to be served by Defendant Salinas' interpretation of Rule 103 to restrict all certified mail to be served by the clerk and the clerk only.  Defendant has not cited any authority for that interpretation and none has been found by this Court.

Defendant Salinas' interpretation would create an unnecessary conflict between Texas Rules of Civil Procedure 103 and 106.  Rule 106 provides the method for service, which includes certified mail.  Rule 103 provides the persons authorized to effectuate service.  To interpret Rule 103 to restrict the method of service permitted under Rule 106 is to create an internal inconsistency.  Defendant Salinas' interpretation would also lead to an absurd result.  If service by certified mail, which is clearly permitted in Texas as incorporated into the Federal rules by Fed. R. Civ. P. 4(e)(1), must be effectuated by the "clerk of the court in which the case is pending," then the Texas rule would be purporting to prescribe the duties of the Federal clerk.  The Federal clerk cannot be governed by the Texas state legislature.

The Court holds that the September 19, 2011 service of summons and complaint

by Perez on Defendant Salinas was accomplished pursuant to an authorized means by an authorized person. Thus Defendant's complaint under Fed. R. Civ. P. 12(b)(5) ("insufficient service of process") is without merit. Defendant has not complained that the summons or the copy of the complaint, which it received, was in improper form. So Defendant has not stated a claim under Fed. R. Civ. P. 12(b)(4) ("insufficient process").

For the reasons set forth above, Defendant's "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)" (D.E. 9) is DENIED.

ORDERED this 3rd day of October, 2011.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE