IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEXTER C. RHINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-00262 |
| | § | |
| SALINAS CONSTRUCTION | § | |
| TECHNOLOGIES, LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff Dexter Rhines' motion for attorney's fees and costs. (D.E. 54.) Plaintiff requests $36,150.00 in attorney's fees and $1,349.81 in court costs. Defendant objects to the requested award of attorney's fees and costs on several grounds. (D.E. 55.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

In any suit brought pursuant to Title VII of the Civil Rights Act, the Court, in its discretion, may award the prevailing party reasonable attorney's fees. 42 U.S.C. § 2000e-5(k). Under Fifth Circuit law, reasonable attorney's fees are calculated through a two-step process called the lodestar method. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). As a preliminary step, the district court must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the attorney. With this, the lodestar amount is calculated by multiplying the reasonable number of hours by the reasonable hourly rate. *Id*. at 324. The lodestar amount may then be adjusted up or down based on the twelve

factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

Using this method, Plaintiff calculated a lodestar amount of $36,200.00 (144.8 hours x $250/hour). (D.E. 54 at 5.)  Plaintiff does not request that the Court apply a lodestar factor to this amount.  Analyzing the *Johnson* factors, Defendant requests that the Court deny any award of attorney's fees. (D.E. 55 at 8–12.)

The Court finds that Plaintiff is the prevailing party and entitled to an award of attorney's fees.  The Court reduces Plaintiff's submitted hours by 0.2 hours.[1]  Otherwise, the Court finds that the timesheets submitted by Plaintiff accurately reflect the time and labor required to represent the client.  The Court finds that there was nothing particularly undesirable about this case.  There were no novel or difficult legal issues requiring counsel to expend substantial hours of research and investigation not billed to the client.  Plaintiff's counsel was not precluded from accepting other employment, and the trial lasted only two days.  Furthermore, with regard to the fee charged, the Court finds that $250 per hour is reasonable and within the range of customary fees charged by someone in this field and in this geographic area with similar experience.  The Court therefore calculates a lodestar amount of $36,150.00 (144.6 hours x $250/hour).

Neither party specifically requests the imposition of a lodestar factor.  Defendant argues that the damages awarded are considerably less than the damages sought, and the Court should consider this factor in awarding attorney's fees and reduce them accordingly. (D.E. 55 at 11.)  Notwithstanding, a fee award need not be proportional to the plaintiff's recovery, only reasonable in light of all the factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 330 n. 23

---

[1] Plaintiff's timesheets indicate that on May 30, 2012 counsel billed 0.2 hours to "draft correspondence to court reporter regarding original executed deposition transcript of Dexter Rhines."  Defendant asserted that the original deposition was never returned, and therefore, these hours were incorrectly billed.  Plaintiff's counsel did not dispute the matter and consented to a reduction in the hours billed by 0.2 hours.

2

(5th Cir. 1995). After considering all the *Johnson* factors, the Court finds that the lodestar amount represents a reasonable award of attorney's fees in the case at hand. Accordingly, the Court declines to impose a lodestar factor.

Plaintiff's motion for attorney's fees and costs (D.E. 54) is GRANTED IN PART AND DENIED IN PART. The Court award's Plaintiff $36,150.00 in attorney's fees, in addition to court costs, following the proper submission of a bill of costs to the Clerk of the Court.

ORDERED this 5th day of February 2013.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**