IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DEXTER C. RHINES,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-00262 |
| **SALINAS CONSTRUCTION TECHNOLOGIES, LTD.,** | § § § § | |
| Defendant. | § § | |

# ORDER

Before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law, and in the Alternative, Motion for New Trial (D.E. 68) and Defendant's Opposition to Plaintiff's Alleged Bill of Costs (D.E. 72). For the reasons set forth below, Defendant's renewed motion for judgment as a matter of law is DENIED, Defendant's motion for a new trial is DENIED, and Defendant's motion to alter or amend judgment is DENIED. Defendant's objection that Plaintiff failed to timely submit a bill of costs as required under Local Rule of Civil Procedure 54.2 is SUSTAINED. Accordingly, Plaintiff is not entitled to collect his costs of the litigation.

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Judgment as a matter of law against a party on a claim is appropriate where the Court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). Reviewing all the evidence in the record, the Court must draw all reasonable inferences in favor of the non-moving party, and the Court is not permitted to make any credibility determinations about the witnesses. *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

Defendant requests that the Court enter judgment as a matter of law in its favor on Plaintiff's hostile work environment claim. (D.E. 68 at 1–4.)  Viewing the record in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the Court concludes that there was sufficient evidence presented at trial from which a reasonable jury could have found in favor of Plaintiff on his hostile work environment claim and against Defendant on its affirmative defense.  Accordingly, Defendant's renewed motion for judgment as a matter of law is DENIED.

## MOTION FOR A NEW TRIAL

Pursuant to FED. R. CIV. P. 59(a), the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  For instance, the Court has discretion to grant a new trial when it is necessary to prevent an injustice, when the jury's verdict is against the manifest weight of the evidence, when the trial was unfair, when prejudicial error occurred, or when the Court finds the damages imposed by the jury were excessive. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir.1989); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985).

In the case at hand, Defendant requests a new trial on Plaintiff's hostile work environment claim, arguing that the jury's verdict is against the manifest weight of the evidence and that the damages imposed by the jury were excessive. (D.E. 68 at 4–9.)  Having reviewed the record, the Court finds that the evidence was sufficient to support the jury's verdict and damages were not excessive.  Accordingly, Defendant's motion for a new trial is DENIED.

**MOTION TO ALTER OR AMEND JUDGMENT**

Defendant argues that the Court's final judgment awarding costs and attorney's fees is against the manifest weight of the evidence and contrary to the applicable legal standards. (D.E. 68 at 9–13.) Defendant requests a new trial on the issue of attorney's fees, or in the alternative, that the Court amend its judgment to reduce the amount of attorney's fees and costs awarded against Defendant. (*Id*. at 12–13.)

Defendant argues that, in calculating the Plaintiff's attorney's fees, the Court failed to consider the fact that Plaintiff failed on his claims for wrongful termination and retaliation. (D.E. 68 at 10.) In Defendant's Response to Dexter Rhine's Motion for Entry of Judgment and for Attorney's Fees, Defendant argued that Plaintiff was not successful because his recovery was considerably less than what was initially sought. (D.E. 55 at 11.) In its Order on Plaintiff's Motion for Attorney's Fees and Costs (D.E. 62 at 2), the Court concluded that an award of attorney's fees need not be proportional to Plaintiff's recovery, only reasonable in light of all the factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 330 n. 23 (5th Cir. 1995). The Court did not intend the Order's language to discount Plaintiff's degree of success as a factor in its analysis, which is measured not simply by the amount of the award received, but also on Plaintiff's overall success in light of the litigation as a whole. *Id*. at 331 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 438–39 (1983)).

The central issue in this case was whether Plaintiff was discriminated against by Defendant based on his race in violation of Title VII. Plaintiff prevailed on this issue, and the jury found that the discrimination was sufficiently severe and pervasive to constitute a hostile work environment. Whether Plaintiff was terminated as a result of his race, whether he had to perform additional work due to his race, and whether he suffered an adverse employment action

because he complained about the discrimination to the EEOC were peripheral to the central issue of whether Plaintiff was discriminated against based on his race, although they involved many of the same factual issues. The fact that the jury did not find in Plaintiff's favor on all of his claims was something the Court considered, along with the other *Johnson* factors, in determining whether to apply a lodestar factor. The Court did not find, however, that Plaintiff's degree of success, when considered along with all the other *Johnson* factors, warranted an adjustment, either up or down.

Defendant additionally argues that Plaintiff's counsel's time sheets did not accurately reflect the time and labor required to represent his client, and that Plaintiff failed to provide evidence of the prevailing market rates for civil rights attorneys in the Corpus Christi community. Evidence was presented on these issues at the hearing conducted before the Court on January 25, 2013. After considering all the evidence in the record, and making an adjustment to the hours submitted by Plaintiff, the Court determined that the hours expended constituted a reasonable number of hours for the preparation of the case and that the hourly rate of $250 was reasonable and within the range of customary fees charged by someone in this field, in the same geographic area, and with similar experience. (D.E. 62.)

In sum, the Court concludes that it properly applied the *Johnson* factors in calculating Plaintiff's attorney's fees; that the lodestar amount calculated by the Court represents a reasonable award of attorney's fees in this case and there is no justification for imposing a lodestar factor; and that the Court's determination is not contrary to the manifest weight of the evidence. Accordingly, Defendant's request for a new trial on the issue of attorney's fees, or in the alternative, an amended judgment, is DENIED.

## BILL OF COSTS

Finally, Defendant objects that Plaintiff failed to timely file a bill of costs with the Clerk of the Court. (D.E. 72.) The Court entered its Order on Plaintiff's Motion for Attorney's Fees and Costs and a Final Judgment on February 5, 2013. (D.E. 62 and 63.) The Court's Order stated that Plaintiff was entitled to collect court costs in this matter following the proper submission of a bill of costs to the Clerk of the Court. (D.E. 62 at 3.) Pursuant to Local Rule of Civil Procedure 54.2 for the Southern District of Texas, "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." Plaintiff did not submit his bill of costs until March 6, 2013. (D.E. 71.) Accordingly, Defendant's objection that Plaintiff's bill of costs was untimely is SUSTAINED. Plaintiff is therefore not entitled to collect his costs of the litigation from Defendant.

## CONCLUSION

For the reasons set forth above, Defendant's Renewed Motion for Judgment as a Matter of Law, and in the Alternative, Motion for New Trial (D.E. 68) is DENIED in its entirety, including the incorporated motion to alter or amend judgment. Defendant's Opposition to Plaintiff's Alleged Bill of Costs (D.E. 72) is SUSTAINED as to the untimely submission of the bill of costs. Plaintiff is therefore not entitled to collect his costs of the litigation.

ORDERED this 9th day of April 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE